**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYAN MENKINS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5258** |
| | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this 26th day of September 2025, upon consideration of Plaintiff Ryan Menkins' pro se Amended Complaint (ECF No. 28) and his Motion to Stay (ECF No. 29), it is **ORDERED** that:

1.      The Clerk of Court is **DIRECTED** to add Superintendent Terra, Deputy Superintendent Sipple, and Dr. Anninio as Defendants.

2.      The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

      a.      All claims against the DOC and SCI Phoenix and any claim based on grievances are **DISMISSED WITH PREJUDICE** for failure to state a claim.

      b.      The remaining federal claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

      c.      All state claims are **DISMISSED** for lack of subject matter jurisdiction.

3.      The Clerk of Court is **DIRECTED** to terminate the Department of Corrections and SCI Phoenix as Defendants.

4.      Menkins' Motion to Stay (ECF No. 29) is **DENIED**.  However, the Court will grant Menkins additional time to file his second amended complaint as outlined below.  Menkins is reminded that it is <u>his responsibility</u> to notify the Court of an updated address within two weeks of an address change and that failure to do so may result in him not receiving court orders, which could affect his rights.  *See* Local Rule 5.1(b).

5.      Menkins may file a second amended complaint within sixty (60) days of the date of this Order.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Menkins' claims against each defendant.  <u>The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint or other exhibits, papers, or documents filed in this case to state a claim</u>. When drafting his second amended complaint, Menkins should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Menkins is reminded he may **NOT** reassert any claim that has already been dismissed with prejudice.

6.      Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.      The Clerk of Court is **DIRECTED** to send Menkins a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Menkins may use this form to file his second amended complaint if he chooses to do so.

8.      If Menkins does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a

final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See, e.g.*, *Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.    If Menkins fails to file any response to this Order, the Court will conclude that Menkins intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

---

[1]  The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.") (citing cases).

**BY THE COURT:**

/s/ Juan R. Sánchez

**JUAN R. SÁNCHEZ, J.**